NicholsoN, C. J.,
delivered the opinion of the Court.
This suit was tried in the Circuit Court of Williamson county. An action of assumpsit was brought on an account by W. P. Moss as administrator of B. M. Hughes, against W. O’N. Perkins. On the trial the administrator, Moss, after making the preliminary affidavit required by the Code, offered the account book of his intestate to establish the claim on which he had sued. From the book account so offered, it appeared that the services rendered and the articles sold and delivered, were rendered and delivered, more than two years before the bringing of the suit, and exceeded $75 in amount. Defendant objected to the competency of the proof, but the objection was overruled by the court, and the book account read as evidence.
The Circuit Judge charged the jury, that, under the book debt law, the plaintiff, as administrator, could introduce the book of his intestate in evidence to prove the account for any length of time, and for any amount— that the provisions of the Code restricting such evidence within two years, and to a sum not exceeding $75, has no application to administrators and executors. The jury returned a verdict for the plaintiff for $156. The defendant appealed in error to this court.
The admission of the book account and the charge *673 of the court on the evidence were erroneous. The two sections of the Code, 3781 and 3782, are to be construed together. In the original statute, 1756, c. 4, s. 2, from which they are brought into the Code, they constitute but one section. The limitation as to time and to amount, was intended to apply to the plaintiff's book of accounts, as well when the same is offered by an administrator or executor, as when offered by the plaintiff himself. No reason can be conceived why the book account of an intestate or testator should stand on any higher ground than that of a living plaintiff. The Legislature intended to make no such distinction. The judgment is reversed, and the cause remanded.